Ashburn, J.
The assignment of error on the action off the court of common pleas in sustaining the demurrer to the reply to the answer, raises the only material question in this case.
It may be stated thus : Had a street commissioner of an incorporated village, under the laws in force in 1868, where contiguous territory had been attached to the corporation for road purposes, authority to enter upon lands situate in another and different road district, but near to the part of the road to bo repaired, and take therefrom material necessary to repair the road in his district and within such attached territory?
We think he might lawfully do so.
Under the general act regulating roads and highways,, township trustees were required to divide their respective-townships into suitable road districts, and annually makes.uch alterations therein as they might deem proper. It also provided that there should be elected annually, in each road district, by the resident electors, a super visor therefor.
The act of April, 1867 (S. & S. 889), supplementary to-the act to provide for the organization of cities aud incorporated villages, etc., authorizes village municipal authorities and township trustees to attach to a village corporation, contiguous territory for road district purposes, and jfiaces the roads in such attached territory in charge of a municipal -supervisor, denominated a street commissioner, with authority to direct the two days labor on the roads, due from the residents, and collect penalties for non-performance of labor as provided in the statute regulating roads and highways.
By section 3 of the first above named act (S. & 8. 662), supervisors of roads are authorized to enter upon any uncultivated or improved lands, unincumbered by crops, near to or adjoining a public road to be repaired, to cut and carry away any timber, except trees or groves on improved! *571 lands planted or left for ornament or shade, or to dig or-cause to be dug and carried away any gravel, sand, or stone, that may be necessary to make, improve, or repair-such road. Section 27 provides that when timber, stone,, or gravel is taken by a supervisor for the purpose of repairing a road, he shall, on demand of the owner, etc., give-him a certificate showing the number of loads of stone or gravel taken, the value thereof, with the time and purpose-for which the same was taken, and further provides how the same shall be paid for.
The authority of a supervisor in taking the material; contemplated by the statute to repair roads in his district,, is not limited exclusively to the lands situate therein. By a fair construction of the statute, the supervisor may, when necessary, in a proper discharge of his official duty, enter upon any uncultivated or improved lands, unincumbered by crops, situate near to or adjoining the public road to be-repaired, and take therefrom the necessary material, although such lands are situate in another and different road district. The only restriction as to locality, is, that the lands he may lawfully enter upon for material, shall be near to or adjoining the road in his district where the repairs are needed and to be made. The phrase “ near to,” as-used in the statute is relative and used in contradistinction to remote. Its practical application is -to be determined by the facts and circumstances in each particular-case.
As we understand the pleadings and argument of plaintiff in error, he admits that a street commissioner is authorized to enter upon any uncultivated or improved lauds,, unincumbered, etc., situate in the attached contiguous territory, and take therefrom material necessary to repair the i’oads in such territory. If he can do this, and we have-no doubt but that he has such power, it is derived by necessary implication from the law regulating the duties and conferring authority on supervisors of roads. Ilis power-springs out of the nature of the duties imposed upon him and the needs of the public in analogy to the express- *572 power, in that respect, conferred by statute upon supervisors, by name such. 'While the manner in which a street •commissioner may perform his duties is regulated by municipal ordinance, his power to procure material necessary to keep in repair for general use the roads in his district, located in the territory attached to the corporation, is not derived from that source, but from the general statute by necessary implication. Over such roads, the street commissioner, for the time being, is clothed with the functions •of a supervisor, charged, in respect to keeping them in repair, with like duties, and, we think, with like power over material necessary for repairs.
No question of eminent domain is made in this case, and, therefore, no such question need receive consideration in •disposing of it.
After a careful examination of the statutes bearing on the question, we couclude that the lands of plaintiff in error are subject to the same public burden and servitude in furnishing material necessary to keep in repair the public roads in the territory attached to the corporation, and, under the supervision of a street commissioner, that they would be were the same roads under the charge of a supervisor, by name such.

Judgment affirmed,.